IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **PORTSMOUTH JV, A JOINT VENTURE** | ) CASE NO. 1:18-cv-00649-WOB |
| | ) |
| *Plaintiff,* | ) JUDGE BERTELSMAN |
| | ) |
| vs. | ) MAGISTRATE LITKOVITZ |
| | ) |
| **THE GUARANTEE COMPANY OF NORTH AMERICA USA** | ) |
| | ) |
| *Defendant.* | ) |

## AGREED PROTECTIVE ORDER

Plaintiff Portsmouth JV, a Joint Venture (the "Joint Venture") and Defendant The Guarantee Company of North America USA ("Guarantee") (Joint Venture and Guarantee each a "Party," and collectively the "Parties"), by and through their undersigned attorneys, having stipulated and agreed to the entry of a Protective Order, and the Court finding that good cause supports the entry of this Agreed Protective Order and that justice so requires;

IT IS HEREBY ORDERED that:

1. Certain documents and information have been and may be sought, produced or exhibited by and between the parties, and persons who are not parties to this lawsuit, which relate to the parties' financial information, medical information, competitive information, personnel information, and/or other kinds of commercially sensitive information which the party making the production deems confidential. The parties believe that this Agreed Protective Order (the "Order") is necessary to protect the parties' confidential and proprietary information, and that to expedite the flow of discovery material and to preserve the confidentiality of certain

documents and information the Court should enter this Order.

2. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of such designation. Documents shall be designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Documents designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" are referred to collectively herein as "Confidential Material."

4. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good-faith determination that the

documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, confidential financial information, competitive information, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

6. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designations shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts, and those portions so designated, shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pending objection, under the terms of this Order.

7. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated as Confidential Material under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 7(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated as Confidential Material:

(1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order;

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Consultants and Experts.** Consultants or experts (hereinafter referred to collectively as "experts") employed by counsel for the parties to assist in the preparation and trial of this action or proceeding, but only ten (10) business days after such persons have completed the certification contained in **EXHIBIT A, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**, and delivered the certification to counsel for the parties; and

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in **EXHIBIT A, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Material pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

10791224.2

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential Material under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e)** **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

8. **Filing of Confidential Material.** This Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 5.2.1.

9. **Challenges by a Party to Designation.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any Party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet

5

10791224.2

and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the challenged designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

10. **Action by the Court.** Applications to the Court for an order relating to any Confidential Material shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present Confidential Material at trial, or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential Material or information derived therefrom. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   (b) **Return of Confidential Material.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Material under

this Order, including copies as defined in ¶ 7(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to Confidential Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of Confidential Material. This work product shall continue to be subject to this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential Material.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under this Court's Local Rules and the Federal Rules of Civil Procedure.

14. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or

7

10791224.2

information designated as Confidential Material by counsel or the parties is subject to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

SIGNED on this __22__ day of __Feb.__, 2019.

_Karen L. Litkovitz_
**MAGISTRATE LITKOVITZ**

We so stipulate and agree to abide by the terms of this Order:

/s/ *Matthew K. Grashoff*
Andrew J. Natale (0042110)
O. Judson Scheaf III (0040285)
Aaron S. Evenchik (0073809)
Matthew K. Grashoff (0090737)
**HAHN LOESER & PARKS LLP**
200 Public Square, Suite 2800
Cleveland, Ohio 44114
(216) 621-0150
(216) 241-2824 (fax)
anatale@hahnlaw.com
jscheaf@hahnlaw.com
aevenchik@hahnlaw.com
mgrashoff@hahnlaw.com

*Attorneys for Plaintiff Portsmouth JV, a Joint Venture*

/s/ *Thomas R. Yocum* (by e-mail consent)
Thomas R. Yocum (0002437)
**YOCUM & NEUROTH, LLC**
1 Levee Way, Suite 3109
Newport, Kentucky 41071
(859) 291-5500
tom@ynlawusa.com

*Attorney for Defendant The Guarantee Company of North America USA*

10791224.2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **PORTSMOUTH JV, A JOINT VENTURE** </br></br> *Plaintiff,* </br></br> vs. </br></br> **THE GUARANTEE COMPANY OF NORTH AMERICA USA** </br></br> *Defendant.* | CASE NO. 1:18-cv-00649-WOB </br></br> JUDGE BERTELSMAN </br></br> MAGISTRATE LITKOVITZ |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Order and understands that the terms of the Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of this Agreed Protective Order may result in penalties for contempt of court.

_____    _____
Signature                                                                  Date


_____
Printed Name


_____


_____
Business Address

10791224.2